# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                **CASE NO.** 23-40019-TC

**TYLER COLBERT,**

        **Defendant.**

## SEALED INDICTMENT

**THE GRAND JURY CHARGES**:

### COUNT 1

**SEXUAL EXPLOITATION OF A MINOR – PRODUCTION OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2251(a)]**

Between the 1st day of March, 2022 and the 30th day of April, 2022, in the District of Kansas, the defendant,

**TYLER COLBERT,**

did employ, use, persuade, induce, entice and coerce MV-1, a minor whose identity is known to the grand jury, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing any visual depiction of such conduct and he knew and had reason to know that the visual depiction was produced

1

and transmitted using material that had been mailed, shipped and transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18, United States Code, Section 2251(e).

## COUNT 2

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2)(A) and (B)]**

Between the 1st day of March, 2022 and the 30th day of April, 2022, in the District of Kansas, the defendant,

**TYLER COLBERT**

did knowingly receive one (1) or more visual depictions of MV-1, a minor whose identity is known to the grand jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 3

**COERCION AND ENTICEMENT OF A MINOR**
**[18 U.S.C. § 2422(b)]**

On or about the 13th day of April, 2022, in the District of Kansas and elsewhere, the defendant,

## TYLER COLBERT,

used any facility and means of interstate and foreign commerce to knowingly persuade, induce, entice, and coerce any individual, namely MV-2, a minor whose identity is known to the grand jury, to engage in any sexual activity for which any person can be charged with a criminal offense, including Title 18, United States Code, Section 2241(c) (aggravated sexual abuse with children) and Missouri Revised Statutes Chapter 566.071(child molestation in the fourth degree).

In violation of Title 18, United States Code, Section 2422(b).

## COUNT 4

**SEXUAL EXPLOITATION OF A MINOR – PRODUCTION OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2251(a)]**

Between the 1st day of May, 2022 and the 30th day of July, 2022, in the District of Kansas, the defendant,

## TYLER COLBERT,

did employ, use, persuade, induce, entice and coerce MV-2, a minor whose identity is known to the grand jury, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of producing any visual depiction of such conduct and he knew and had reason to know that the visual depiction was produced

and transmitted using material that had been mailed, shipped and transported in and affecting interstate commerce by any means, including by a computer, and the visual depiction was transported and transmitted using any means and facility of interstate commerce and affecting interstate and foreign commerce, including by a computer.

In violation of Title 18, United States Code, Section 2251(a) with reference to Title 18, United States Code, Section 2251(e).

## COUNT 5

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2)(A) and (B)]**

Between the 1st day of May, 2022 and the 30th day of July, 2022, in the District of Kansas, the defendant,

**TYLER COLBERT**

did knowingly receive one (1) or more visual depictions of MV-2, a minor whose identity is known to the grand jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 6

**SEXUAL EXPLOITATION OF A MINOR – RECEIPT OF CHILD PORNOGRAPHY**
**[18 U.S.C. § 2252(a)(2)(A) and (B)]**

Between the 17th day of January, 2022 and the 7th day of July, 2022, in the District of Kansas, the defendant,

### TYLER COLBERT

did knowingly receive one (1) or more visual depictions of MV-3, a minor whose identity is known to the grand jury, using any means and facility of interstate and foreign commerce, and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer, and the production of said visual depictions involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and said visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2)(A) and (B), with reference to Title 18, United States Code, Section 2252(b)(1).

## COUNT 7

**TRANSFER OF OBSCENE MATERIAL TO A MINOR**
**[18 U.S.C. § 1470]**

Between the, 23rd day of April, 2022 and the 8th day of August, 2022, in the District of Kansas, the defendant,

### TYLER COLBERT

did knowingly use a facility of interstate commerce to transfer and attempt to transfer

obscene matter to another individual, to-wit: MV-3, whose identity is known to the grand jury, who had not attained the age of 16 years, knowing that the individual had not attained the age of 16 years.

In violation of Title 18, United States Code, Section 1470.

## COUNT 8

### SEXUAL EXPLOITATION OF A MINOR – POSSESSION OF CHILD PORNOGRAPHY
### [18 U.S.C. § 2252(a)(4)(B)]

On or about the 8th day of August, 2022, in the District of Kansas, the defendant,

**TYLER COLBERT,**

did knowingly possess one (1) or more matters which contained any visual depiction of a minor, that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce, including by a computer, and was produced using materials which had been so mailed and shipped and transported, and the production of such visual depiction involved the use of minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(4)(B), with reference to Title 18, United States Code, Section 2252(b)(2).

## FORFEITURE NOTICE

1.  The allegations contained in Counts 1-8 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 2253(a) and 2428.

2. Upon conviction of one or more of the offenses set forth in Counts 1-8, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 2253(a), any and all property used or intended to be used in any manner or part to commit, facilitate, or to promote the commission of such offenses or any property traceable to such property, including but not limited to:

    A. iPhone XR, IMEI 353067105343273, serial number F2LY9H0AKXKQ.

3. If any of the property described above, as a result of any act or omission of the defendant:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

    E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

April 26, 2023                    s/Foreperson
DATE                                  FOREPERSON OF THE GRAND JURY

KATE E. BRUBACHER
UNITED STATES ATTORNEY

By: /s/ Sara L. Walton
Sara L. Walton
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: sara.walton@usdoj.gov
Ks. S. Ct. No. 24106

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

**Counts 1 and 4: 18 U.S.C. § 2251(a):**

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed thirty (30) years. 18 U.S.C. § 2251(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than twenty-five (25) years and not to exceed fifty (50) years. 18 U.S.C. § 2251(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after two prior convictions relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than thirty-five (35) years and not to exceed life. 18 U.S.C. § 2251(e).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $50,000. 18 U.S.C. § 2259A(a)(3).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Counts 2, 5 and 6: 18 U.S.C. § 2252(a)(2)(A) and (B):**

- Punishable by a term of imprisonment of not less than five (5) years and not to exceed twenty (20) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment of not less than fifteen (15) years and not to exceed forty (40) years. 18 U.S.C. § 2252(b)(1).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $35,000. 18 U.S.C. § 2259A(a)(2).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 3: 18 U.S.C. § 2422(b)**

- Punishable by a term of imprisonment of not less than ten (10) years and no more than life.  18 U.S.C. § 2423(a).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2429.

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(4).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction of a sex offense has become final, the penalties are:

- Punishable a term of imprisonment of three (3) times the term of imprisonment otherwise provided by this chapter.  18 U.S.C. § 2426(a).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2429.

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(4).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 7: 18 U.S.C. § 1470**

- Punishable by a term of imprisonment not to exceed ten (10) years.  18 U.S.C. § 1470.

- A term of supervised release not to exceed (3) years. 18 U.S.C. § 3583(b).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

**Count 8: 18 U.S.C. § 2252(a)(4)(B)**

- Punishable by a term of imprisonment not to exceed ten (10) years. 18 U.S.C. § 2252(b)(2).

- If the defendant is found to have possessed any matter that involved prepubescent minors or minors who have not attained 12 years of age, the offense is punishable by a term of imprisonment not to exceed twenty (20) years.  18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

If the defendant commits such violation after a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children has become final, the penalties are:

- Punishable by a term of imprisonment not less than ten (10) years and to exceed twenty (20) years. 18 U.S.C. § 2252(b)(2).

- A term of supervised release of at least five (5) years and not to exceed life. 18 U.S.C. § 3583(k).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- Restitution. 18 U.S.C. § 2259(a).

- A child pornography assessment not to exceed $17,000. 18 U.S.C. § 2259A(a)(1).

- A Justice for Victims of Trafficking Act assessment of $5,000. 18 U.S.C. § 3014(a)(3).

- A mandatory special assessment fee of $100. 18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.